DANIELS *v.* DUNDON.

Municipal Corporations—Mandamus—Parties—Reinstatement of Discharged Policeman.

> In mandamus proceeding against certain members of police commission to compel reinstatement of discharged policeman, where it appears that he was discharged pursuant to resolution of common council reducing force, from which there is no appeal under city charter, he is entitled to no relief even if council acted in bad faith, because it was not made party to proceeding.

Appeal from Dickinson; Bell (Frank A.), J. Submitted January 19, 1932. (Calendar No. 35,889.) Decided March 2, 1932.

Mandamus by Samuel Daniels against R. F. Dundon, mayor, and another to reinstate plaintiff as a policeman in the city of Iron Mountain. From order granting plaintiff right to appeal to city council, defendants appeal. Reversed, and petition dismissed.

*Ray E. MacAllister,* for plaintiff.

*Ray Derham,* City Attorney, for defendants.

North, J. Prior to May 11, 1931, the relator, Samuel Daniels, for a period of substantially two years, had served as a policeman in the city of Iron Mountain, Dickinson county, Michigan. On that date he was discharged by the "board of police and fire commissioners." This commission is composed of the mayor of the city, the president *pro tempore*

of the common council, and one other member. The first two, who are the appellants herein, concurred in relator's dismissal, and the third member voted against it. On relator's petition an order was issued to the members of the board to show cause why a writ of mandamus should not issue compelling them to reinstate relator. The circuit judge disposed of the mandamus proceeding by allowing relator five days within which to appeal to the common council from the board's order dismissing him. Respondents have appealed.

The pertinent provisions of the city charter read:

"SEC. 138. After this charter takes effect and the personnel of each department has been appointed thereunder, no policeman or fireman shall be discharged by the board except for neglect of duty, incompetence and insubordination.

"SEC. 139. Any policeman or fireman so discharged for the reasons set forth in the preceding paragraph may within five days thereafter appeal to the council for a hearing by filing his reasons therefor in writing with the clerk. * * * If the charges of the board are not sustained by a majority of the aldermen-elect said policeman or fireman may resume his duties.

"SEC. 140. The council shall have authority to increase or reduce the personnel of either department and upon a reduction being ordered the board shall thereupon make such reduction. No' right of appeal shall exist in such event."

At a special meeting of the common council held May 11, 1931, called for the purpose of reducing the personnel of the police and fire departments, a motion was carried that "the police department consist of the chief and three men." This necessitated the discharge of two policemen. The commission in

compliance with the action taken by the common council forthwith discharged relator and another member of the force. In relator's petition for mandamus he alleged:

"That the present administration of said city, meaning the mayor and five of the aldermen have combined and conspired by subterfuge and circumvention to defeat the purpose of said charter in respect to the permanency of the personnel of the police department, as set forth in section 138 of said charter, * * * (and) that thereupon the mayor, R. F. Dundon, and his co-conspirator, Edward O. Lindquist, president *pro tempore* of the council, holding the controlling vote of the board of police and fire commissioners, selected your petitioner and others for discharge; that within one week, on, to wit, the 18th day of May, 1931, the council voted to increase the number of policemen; and thereupon the said police and fire commissioners so controlled by said mayor and president *pro tempore* combined and conspired in the appointing of new policemen political friends of the mayor and neglected and refused to reappoint your petitioner; that such trickery and subterfuge, if permitted to stand, will defeat the avowed purpose and intent of said charter."

In respondents' answer they deny the charge of conspiracy, subterfuge, etc.; and allege that the action of the council and the board in reducing the police force was incident to an economy program in the administration of the city's affairs; and, further, that the action of the council and the board a week later in again increasing the membership of the police force to its original number was brought about by the conclusion that a mistake had been made in their former action and that the original number of policemen employed by the city was

needed.  Respondents also allege in their answer that relator was discharged because of his neglect of duty, insubordination, and inefficiency.

Upon hearing before the circuit judge relator's prayer for mandamus was neither granted nor specifically denied.  Instead, as noted above, it was ordered he be given five days within which to appeal to the common council from his dismissal by the board.  The circuit judge noted in his findings that he could not consider the good faith or bad faith of the common council's action because the council was not made a party defendant in this mandamus proceeding.  No charges were preferred against the relator as a basis of his removal by the commission, and he had no hearing before the commission.  Notwithstanding a recital in respondents' return to the contrary, relator was removed by the police commission pursuant to a resolution of the common council reducing the number of policemen.  This is alleged in the petition and admitted in the return.  From such dismissal, if the action was taken in good faith, the charter gave him no right of appeal.  As against the action of the common council, even assuming it acted in bad faith as alleged by relator, he can obtain no relief in a proceeding to which the council is not a party.  In view of the action taken by the common council, the police commission could not reinstate petitioner until authorized so to do by proper action of the council.  Petitioner did not bring the necessary parties before the court and his application for mandamus must be denied.

The order entered in the circuit court is set aside and the petition for mandamus dismissed.  Because of the public interest involved, no costs are awarded.

CLARK, C. J., and McDONALD, POTTER, SHARPE, FEAD, WIEST, and BUTZEL, JJ., concurred.